IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

_____

| | |
|---|---|
| JOHN JOHNSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | )   Case No. _____ |
| v. | ) |
| | ) |
| NATIONWIDE EXPRESS, INC., | ) |
| | ) |
|     Defendant. | ) |

_____

NOTICE OF REMOVAL
_____

Pursuant to 28 U.S.C. § 1446, Defendant, Nationwide Express, Inc. ("Nationwide"), hereby invokes the Court's jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1441, and states the following grounds for removal:

### SUMMARY

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between diverse citizens.

2. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this lawsuit is completely preempted by the Employee Retirement Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and all the claims and causes of action in the matter may be removed to this Court under 28 U.S.C. § 1441.

## PARTIES

3. John Johnson ("Johnson") is a resident of Iredell County, North Carolina. (Compl. ¶ 1).

4. Contrary to Johnson's misrepresentations in the Complaint, Nationwide is a Tennessee Corporation with its principal place of business in Shelbyville, Tennessee. (Declaration of Lisa McMahan ¶ 3 ("McMahan Declaration") attached hereto as Exhibit A).

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

5. On or about January 31, 2012, Johnson filed a Complaint in the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina entitled <u>John Johnson v. Nationwide Express, Inc.</u>, Case No. 12-CvS-1963.

6. A copy of the Summons and Complaint filed by Johnson in this action is attached as <u>Exhibit B</u>.

7. The North Carolina Secretary of State received Service of Process on February 9, 2012. (Attached as <u>Exhibit 1</u> to McMahan Declaration).

8. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed by Nationwide in a timely manner.

## DIVERSITY JURISDICTION

9. Total diversity exists. Johnson is domiciled in, and a citizen of, North Carolina; whereas Nationwide is a Tennessee corporation with its principal place of business in Tennessee.

10. The amount in controversy exceeds $75,000. As alleged in the Complaint, Johnson seeks money damages in the amount of $25,000, attorneys' fees, and treble damages. (Compl. Prayer for Relief ¶¶ 1-5). This Court and the Fourth Circuit have long held that treble damages and attorneys' fees are properly included in determining whether the jurisdictional

amount in controversy of $75,000 is met.  Gordon v. National Business Consultants Inc., 856 F.2d 186, at *2 (4th Cir. 1988) ("his unfair trade practices claim under [N.C. Gen. Stat.] § 75-1.1 . . . may be included in determining whether a plaintiff has satisfied the amount in controversy requirement.") (citing 14A Wright, Miller & Cooper, Federal Practice and Procedure § 3702 at 44 (1985)); Atari v. McNeal, 159 F.Supp.2d 224, 226 (W.D.N.C. 2000) (same); Larsen v. Assurant Inc., No. 3:09-CV-00038, 2009 WL 1676993, at *1 (W.D.N.C. 2009) (including attorneys' fees and treble damages to find the amount in controversy exceeded the jurisdictional threshold of $75,000).

11.     Removal to the Western District of North Carolina is proper.  The state court from which this action was removed and in which this Action was commenced is within this Court's District and Division.

## ORIGINAL JURISDICTION

12.     This Court has original jurisdiction of this action under the provisions of 28 U.S.C. § 1331.  As stated in his Complaint, Johnson seeks life insurance benefits under a group life insurance policy issued by Mutual of Omaha (the "Policy").  (Compl. ¶ 9).  A copy of the Policy is attached to the McMahon Declaration as Exhibit 2.  The Policy sets forth Johnson's ERISA rights at pages 33-36.  (see McMahon Declaration ¶ 6; McMahon Declaration Ex. 2). An action brought to recover benefits under an employee benefit plan governed by ERISA presents a federal question and is removable under 28 U.S.C. 1441(a) and (b).  Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65-66 (1987) ("Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of Section 502(a) [of ERISA] removable to Federal Court.").  Even when a Complaint does not appear on its face to present a federal question, a case is removable when Congress "so completely pre-empt[s] this

subject area that any claim is necessarily federal in character." Id.; see also, Darcangelo v. Verizon Communications, Inc., 292 F.3d 181, 195 (4th Cir. 2002) ("Accordingly, an action to enforce the terms of a contract, when the contract is an ERISA plan, is of necessity an alternative enforcement mechanism for ERISA § 502 and is therefore 'related to' an ERISA plan and preempted by § 514.").

13. Nationwide submits this Notice of Removal without (a) waiving any grounds for dismissal or waiving defenses to the claims asserted by Johnson, (b) conceding that Plaintiff has alleged claims upon which relief may be granted, or (c) conceding that Plaintiff has joined all necessary and indispensable parties to this Action.

14. Contemporaneously with the filing of this Notice of Removal, Nationwide is providing written notice of this Notice of Removal to Johnson and to the Clerk of Superior Court, Mecklenburg County, North Carolina, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant prays that the referenced action now pending against it in the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina, be removed to the United States District Court for the Western District of North Carolina, Charlotte Division.

This the 12th day of March, 2012.

s/ Marc E. Gustafson
State Bar No.: 34429
Counsel for Nationwide Express, Inc.
Essex Richards, P.A.
1701 South Boulevard
Charlotte, NC 28203
Telephone: 704-377-4300
Fax: 704-372-1357
E-mail: mgustafson@essexrichards.com

     AND

Andrew S. Naylor
(Tenn. BPR #17128)
WALLER LANSDEN DORTCH & DAVIS, LLP
Nashville City Center
511 Union Street, Suite 2700
Nashville, TN  37219
Telephone: 615-244-6380
Fax: 615-244-6804
Andy.Naylor@wallerlaw.com
*Pro Hac Vice Admission Pending*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via first class U.S. Mail upon:

>William F. Burns, Jr.
>Giordano, Gordon, and Burns, PLLC
>Ste. 230, 319 S. Sharon Amity Rd.
>Charlotte, NC 28211

This the 12th day of March, 2012.

>s/ Marc E. Gustafson
>State Bar No.: 34429
>Counsel for Nationwide Express, Inc.
>Essex Richards, P.A.
>1701 South Boulevard
>Charlotte, NC 28203
>Telephone: 704-377-4300
>Fax: 704-372-1357
>E-mail: mgustafson@essexrichards.com