# EXHIBIT B

*Fax To Sabrina Bennett* *910-474-6504* *1963*

# STATE OF NORTH CAROLINA

FEB 09 2012

SECRETARY

Mecklenburg County

File No. _____ 12 CVS _____

In The General Court Of Justice
☐ District ☒ Superior Court Division

**Name Of Plaintiff**
JOHN JOHNSON

**Address**
c/o William F. Burns, Jr., 319 S. Sharon Amity Rd.

**City, State, Zip**
Charlotte, NC 28211

**VERSUS**

**Name Of Defendant(s)**
NATIONWIDE EXPRESS, INC.

## CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3, 4

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

**To Each Of The Defendant(s) Named Below:**

**Name And Address Of Defendant 1**
Nationwide Express, Inc.
c/o Donald M. Etheridge, Jr., Registered Agent
200 Civic Plaza Bldg., 801 E. Trade St.
Charlotte, NC 28202

**Name And Address Of Defendant 2**

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address; and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)**
William F. Burns, Jr.
Giordano Gordon and Burns, PLLC
Ste. 230, 319 S. Sharon Amity Rd.
Charlotte, NC 28211

Date Issued | Time ☐ AM ☐ PM

Signature

☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

Date Of Endorsement | Time ☐ AM ☐ PM

Signature

☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** Many counties have *MANDATORY ARBITRATION* programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 6/11 (Over)
© 2011 Administrative Office of the Courts

| | |
|---|---|
| STATE OF NORTH CAROLINA | ) IN THE GENERAL COURT OF JUSTICE |
| | ) SUPERIOR COURT DIVISION |
| COUNTY OF MECKLENBURG | ) FILE NO. 12-CvS-1963 |
| | ) |
| JOHN JOHNSON | ) |
| | ) |
| PLAINTIFF, | ) COMPLAINT |
| | ) |
| VS. | ) |
| | ) |
| NATIONWIDE EXPRESS, INC. | ) |
| | ) |
| DEFENDANT. | ) |

FILED
2012 JAN 31 AM 11:43
MECKLENBURG COUNTY, C.S.C.
BY _____

THE PLAINTIFF, COMPLAINING OF THE DEFENDANT, SAYS AND ALLEGES AS FOLLOWS:

### PARTIES, CAPACITY AND JURISDICTION

1. The Plaintiff is an adult citizen and resident of Iredell County, North Carolina and is under no legal disability.

2. The Defendant Nationwide Express, Inc. (hereinafter "Nationwide") is, upon information and belief, a Tennessee corporation engaged in the trucking business with a place of business in Iredell County, North Carolina.

3. On or about December 29, 2010, Plaintiff became employed as a driver for Nationwide, and as is more fully set forth below, Plaintiff became eligible to purchase and did purchase certain insurance through Nationwide.

4. That a dispute has arisen between Plaintiff and Nationwide over a denial of insurance benefits under an insurance policy offered by Nationwide to Plaintiff during Plaintiff's employment with Nationwide.

5. That in connection with Nationwide's presence and business activities within the State of North Carolina, Nationwide has appointed and maintains a registered agent within this state as required by law.

6. That the Mecklenburg County Superior Court has jurisdiction over the parties and subject matter of this action and is an appropriate forum for the resolution of the issues raised herein.

### FACTS

7. All allegations set forth above are re-alleged and incorporated herein by reference.

8. In connection with Plaintiff's employment with Nationwide on December 29, 2010 he was offered the opportunity by Nationwide to participate in an insurance program sponsored and/or made available to him, his spouse and his dependents by Nationwide.

9 The insurance coverage offered by Nationwide included, among other available coverages, participation in a Mutual of Omaha group life insurance policy with supplemental coverage for a spouse and dependents.

10. That Nationwide is the "Master Policyholder" of the Mutual of Omaha policy of insurance which is the subject of this action.

11 That at or before the time Plaintiff became employed by Nationwide, Nationwide provided Plaintiff with a document showing the insurance coverages that were available to Nationwide employees. One such coverage was a Mutual of Omaha policy that provided supplemental life insurance on the life of a spouse. A copy of the document is attached hereto as Exhibit A and is incorporated herein by reference.

12. That the aforesaid document furnished to Plaintiff referencing the available insurance contains the following language:

*Spouse guaranteed issue amount of*
*$5,000.00 – $50,000.00. No health questions asked*

13. That in accordance with the offer of insurance by Nationwide when Plaintiff became eligible, April 1, 2011, he elected to purchase supplemental life coverage for his spouse in the amount of twenty-five thousand dollars ($25,000.00) with Plaintiff being named as primary beneficiary.

14. That at the time Plaintiff was offered the supplemental life insurance coverage on his spouse's life, he believed it to be a worthwhile benefit for him and his family and he agreed to obtain and pay for the insurance with his earnings from Nationwide by way of payroll deductions.

15. That at the time Plaintiff signed up for the spousal life insurance coverage on April 1, 2011, he was provided with a questionnaire that he answered fully and truthfully in all respects. It contained no health status questions relating to Plaintiff's spouse.

16. Plaintiff's spouse died April 24, 2011 from one or more causes related to longstanding ailments.

17. Following Plaintiff's spouse's death, Plaintiff applied for the twenty-five thousand dollar ($25,000.00) supplemental death benefit under the group life policy, but coverage was denied by Mutual of Omaha due to the fact that Plaintiff's spouse had been "disabled" prior to and at the time of Plaintiff's enrollment in the aforesaid policy on April 1, 2011.

18. That at no time prior to Plaintiff's spouse's death was Plaintiff informed by Nationwide or Mutual of Omaha that the insurance he purchased on his spouse's life contained a provision excluding coverage for persons with a disability at the time coverage was to begin.

19. That at all times relevant to Plaintiff's claims, he verily believed and relied on Nationwide's misrepresentation to him of the availability of the life insurance coverage for his spouse offered by Nationwide to Plaintiff as described above.

20. That's Plaintiff's reliance on Nationwide's representations as to the availability of the life insurance was in all respects reasonable.

## FIRST CLAIM FOR RELIEF
(Breach of Contract)

21. All allegations set forth above are re-alleged and incorporated herein by reference.

22. That Nationwide's offer of, and collection of premiums for, the spousal life insurance coverage, created a valid contract between Plaintiff and Nationwide.

23. That Nationwide breached the contract to provide insurance with the Plaintiff.

24. That Nationwide is liable to the Plaintiff in damages for the breach.

## SECOND CLAIM FOR RELIEF
(Misrepresentation)

25. All allegations set forth above are re-alleged and incorporated herein by reference.

26. Nationwide's representation as to the availability and provision of the promised spousal life insurance coverage without consideration of medical issues, was, whether intentional or not, substantially false and to the detriment of the Plaintiff.

## THIRD CLAIM FOR RELIEF
(Unfair Trade Practices)

27. All allegations set forth above are re-alleged and incorporated herein by reference.

28. Nationwides's business activities in and over several states are in and affect commerce as contemplated in North Carolina General Statute §75-1.1, et seq.

29. Nationwide's offer to Plaintiff of supplemental spousal life insurance coverage within Nationwide's Group Mutual of Omaha insurance policy that did not exist was a material and substantial misrepresentation which had the capacity to deceive, and which in fact did deceive, the Plaintiff.

30. That Plaintiff has, through counsel, demanded that Nationwide pay Plaintiff an amount equal to the twenty-five thousand dollar ($25,000.00) death benefit Plaintiff signed up for and believed was in place under the Nationwide Mutual of Omaha group life policy but Nationwide had failed and refused to do so.

31. That Nationwide has failed to fully resolve the matters and things giving rise to this litigation.

## PRAYER FOR RELIEF

1. That Plaintiff have and recover money damages of Nationwide in the principal sum of twenty-five thousand dollars ($25,000.00).

2. That the cost of this action, including such attorney fees as may be allowed by law be taxes to the Nationwide.

3. That this Court adjudge that Nationwide has engaged in an unfair and deceptive trade practice and award treble damages as by law provided.

4. That a jury be empaneled try all issues of fact.

5. That the Court grant such other and further relief as to it seems just and proper.

This 30TH day of January, 2012.

William F. Burns, Jr. (State Bar # 0633)
Giordano Gordon and Burns, PLLC
Ste. 230, 319 S. Sharon Amity Rd.
Charlotte, NC 28211
Ph) 704-364-3558 x 3
(Fax) 704-365-3696
wb@ggandblaw.com

## VERIFICATION

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

John Johnson, being first duly sworn, deposes and says:

That he is the Plaintiff in the foregoing action, that he has read the foregoing Complaint and that the contents thereof are true to his own knowledge, except as to those matters stated on information and belief, and as to those matters he believes them to be true.

_____
John Johnson

Sworn to and subscribed before me
this 27 day of January, 2011.

_____
Notary Public

My commission expires: 4-22-15

(seal)