UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 3:12-0941 |
| | ) | |
| v. | ) | JUDGE CAMPBELL |
| | ) | |
| MUTUAL OF OMAHA INSURANCE COMPANY | ) | MAGISTRATE JUDGE KNOWLES |
| | ) | |
| Defendant. | ) | |

## SECOND AMENDED COMPLAINT

Comes now the Plaintiff, JOHN JOHNSON (hereinafter "Johnson", by and through the undersigned counsel, complaining of the acts of Defendant, MUTUAL OF OMAHA INSURANCE COMPANY. (hereinafter "MUTUAL"), would state and allege as follows:

1. Plaintiff, a truck driver employed by Nationwide Express, INC. (hereinafter "Nationwide"), and a participant in the Employer's, Benefit Program, administered and held by Defendant MUTUAL, brings this Complaint under sections 502(a)(1)(B), 502(a)(2) and 502(a)(3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a)(1)(B), (a)(2) and (a)(3), to remedy the Benefits receivable under the program and Nationwide's violations of ERISA.

## PARTIES

2. Plaintiff, Johnson, is an adult citizen and resident of Iredell County, North Carolina.

3. Defendant, MUTUAL, is, upon information and belief, a Nebraska corporation engaged in the business of, specifically to this matter, Life Insurance.

4. On or about December 29, 2010, Johnson became employed as a driver for Nationwide, and as is more fully set forth below, Johnson became eligible to purchase and did purchase certain insurance through Nationwide.

5. A dispute has arisen between Plaintiff and Defendant MUTUAL over a denial of insurance benefits under an insurance policy offered by MUTUAL to Johnson during Johnson's employment with Nationwide.

## JURISDICTION AND VENUE

6. This action is brought under ERISA, 29 U.S.C. § 1132(a)(1)(B), to recover benefits due to Plaintiff, 29 U.S.C. § 1132(a)(2) to remedy a breach of fiduciary duty and 29 U.S.C. § 1132(a)(3) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, and to obtain other appropriate equitable relief.

7. Venue is proper in this judicial district, because the United States District Court for the Middle District of Tennessee is the district set forth in the forum selection clause contained in the Agreement for Employee Services entered into by Plaintiff and Defendant.

## FACTS

8. All allegations set forth above are re-alleged and incorporated herein by reference.

9. In connection with Johnson's employment with Nationwide on or about December 29, 2010, Johnson was offered the opportunity by Nationwide to participate in an insurance program sponsored and/or made available to him, his spouse and his dependents by Nationwide.

10. The insurance coverage offered by Nationwide included, among other available coverages, participation in a Mutual of Omaha group life insurance policy with supplemental coverage for a spouse and dependents.

11. Nationwide is the "Master Policyholder" of the Mutual of Omaha policy of insurance which is the subject of this action.

12. On or before the time Johnson became employed by Nationwide, Nationwide provided Plaintiff with a document showing the insurance coverages that were available to Nationwide employees. One such coverage was a Defendant MUTUAL'S policy that provided supplemental life insurance on the life of a spouse. A copy of the document is attached hereto as Exhibit A and is incorporated herein by reference.

13. The aforesaid document furnished to Johnson by Nationwide, referencing the available insurance contains the following language:

    a.    "Spouse guaranteed issue amount of $5,000.00 - $50,000 – No health questions asked."

14. In accordance with the offer of insurance by MUTUAL when Johnson became eligible, on or about April 1, 2011, he elected to purchase supplemental life coverage for his spouse in the amount of twenty–five thousand dollars ($25,000.00) with Johnson being named as primary beneficiary.

15. At the time Johnson was offered the supplemental life insurance coverage on his spouse's life, he believed it to be a worthwhile benefit for him and his family and he agreed to obtain and pay for the insurance with his earnings from Nationwide by way of payroll deductions.

16. Further, at the time Johnson signed up for spousal life insurance coverage on or about April 1, 2011, he was provided with a questionnaire that he answered fully and truthfully in all respects. It contained no health status questions relating to Johnson's spouse.

17. Plaintiff's spouse died on or about April 24, 2011.

18. Following Johnson's spouse's death, Johnson applied for the twenty-five thousand ($25,000.00) supplemental death benefit under the group life policy, but coverage was denied by MUTUAL due to the fact that Plaintiff's spouse had been "disabled" prior to and at the time of Plaintiff's enrollment in the aforesaid policy on or about April 1, 2011.

19. At no time prior to Plaintiff's spouse's death was Johnson informed by Nationwide or MUTUAL that the insurance he purchased on his spouse's life contained a provision excluding coverage for persons with a disability at the time coverage was to begin.

20. At all times relevant to Plaintiff's claims, he verily believed and relied on representations made to him of the availability of the life insurance coverage from Defendant MUTUAL for his spouse offered by Nationwide to Plaintiff as described above.

21. Exhaustion of internal remedies is not required due to the fact that any attempt by Plaintiff to challenge the rulings of MUTUAL would be futile.

22. Furthermore, Exhaustion of internal remedies is not required in an action under ERISA alleging violations of substantive statutory requirements. As demonstrated below, Johnson alleges violations of ERISA's substantive statutory requirements.

### COUNT I

### CAUSE OF ACTION FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B), 29 U.S.C. § 1132(a)(2), AND U.S.C. § 1132(a)(3)

23. All allegations set forth above are re-alleged and incorporated herein by reference.

24. As set forth hereinbefore, Defendant offered to, collected premiums for, and agreed to provide Plaintiff with spousal life insurance coverage, no health questions asked.

25. Johnson purchased said spousal life insurance coverage from Defendant MUTUAL in the amount of $25,000.00.

26. Plaintiff paid premiums in connection with said spousal life insurance coverage.

27. Plaintiff's spouse is deceased. Johnson avers that the cause of death or prior health conditions are not relevant as to payment of life insurance benefits.

28. Plaintiff is entitled to life insurance benefits under the terms of Nationwide's employee benefit plan and as provided by DEFENDANT MUTUAL.

29. MUTUAL has failed to provide benefits due under the terms of the plan, and these denials of benefits to Plaintiff constitute breaches of the plan.

30. The decision to deny benefits were wrong under the terms of the document provided to Johnson by Nationwide, which is attached hereto.

31. The decisions to deny benefits and decision-making processes were arbitrary and capricious.

32. The decisions to deny benefits were not supported by substantial evidence.

33. As a direct and proximate result of the aforementioned conduct of MUTUAL in failing to provide benefits for Plaintiff's spousal life insurance, Plaintiff has been damaged in the amount equal to the amount of benefits to which he would have been entitled.

34. As a direct and proximate result of the aforementioned conduct of MUTUAL in failing to provide benefits for Plaintiff's spousal life insurance, Johnson has suffered, and will continue to suffer in the further, damages under the life insurance policy, plus interest and other damages, for a total amount to be determined.

# COUNT II

## VIOLATION OF FIDUCIARY DUTY UNDER ERISA

35. All allegations set forth above are re-alleged and incorporated herein by reference.

36. ERISA requires that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and … in accordance with the documents and instruments governing the plan…" 29 U.S.C. § 1104(a)(1)(D).

37. It is apparent from the document provided to Johnson by Nationwide, and attached hereto as Exhibit "1", that the intent of Nationwide through MUTUAL was to offer the supplemental spousal support, without any requirement of a health examination or background check.

38. MUTUAL has supported the decision to deny benefits due to Plaintiff, in complete contradiction to the document Nationwide provided which stated "no health questions asked."

39. In so doing, MUTUAL has applied to the document an interpretation completely opposite of the plain language of said document.

40. Therefore, MUTUAL has breached their fiduciary duty under to ERISA to act solely in the interest of Plan participants such as Johnson.

41. As a result of MUTUAL'S breach of their ERISA fiduciary duties, Johnson has been deprived and will continue to be deprived of life insurance benefits to which he is legally entitled.

## PRAYER FOR RELIEF

**WHERFORE,** Plaintiff respectfully requests that this Court grant him the following relief in this case:

1. Declare that Plaintiff is entitled to a clarification of his rights to benefits under the life insurance policy;

2. Declare that Defendant has breached their fiduciary duties under ERISA;

3. Damages in the amount equal to all life insurance benefits to which he was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B), 29 U.S.C. § 1132(a)(2), and U.S.C. § 1132(a)(3);

4. Prejudgment and post judgment interest;

5. Plaintiff's reasonable attorney fees and costs; and,

6. Any such other and further relief as this court deems just and proper

Respectfully submitted:

Dated: November 20, 2012

                                          **FOY LAW GROUP, P.A.**

                                          /s/ Robert J. Foy
                                          ROBERT J. FOY, BPR #025919
                                          Attorney for Plaintiff
                                          620 North Walnut Street
                                          Murfreesboro, TN 37130
                                          P: 615.895.0332
                                          F: 615.895.0334